IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HENRY R. GALLEGOS, ROBERT P. PACHECO,
RAYMOND MARTINEZ, SAMUEL RUYBAL,
CARLOS LLAMAS, PHILIP ROMERO,
DONALD DURAN, DALE MARTINEZ,
GILBERT GALLEGOS, MAX PACHECO,
RUBEN PACHECO, MELVIN VIGIL,
ORLANDO GALLEGOS, TOBY R. VIGIL,
JERRY RIVAS, DONALD MARTINEZ,
RICKY RIVAS, ARCHIE J. VIGIL,
TONI GALLEGOS, MARGARET QUINTANA,
CARMELITA LLAMAS, and JOSEPH H. SISNEROS,

CIV 97  0 1 3 4 9 JC/RLP

Plaintiffs,

v.

KYLE RAILWAYS, INC.,

Defendant.

## COMPLAINT FOR RELIEF PURSUANT TO
## THE FAIR LABOR STANDARDS ACT

COME NOW the plaintiffs, ("collectively, the Plaintiffs"), by and through their attorneys, Coppler & Mannick, P.C. (Daniel R. Rubin), and for their complaint against the defendant state:

### PARTIES

1. Plaintiffs are citizens of the United States. The plaintiffs are residents of Rio Arriba County, New Mexico or Conejos County, Colorado. The matters complained of in this lawsuit occurred in Rio Arriba County, New Mexico, and Conejos

County, New Mexico.

2. Upon information and belief, the defendant Kyle Railways, Inc. ("Kyle Railways") is an Arizona corporation that was doing business in New Mexico and Colorado at all times relevant to the allegations in this complaint.

## GENERAL ALLEGATIONS

3. The Plaintiffs here incorporate all preceding paragraphs.

4. This is an action for unpaid overtime wages, liquidated damages, and attorney's fees based upon Kyle Railways' willful violation of the Fair Labor Standards Act, 29 U.S.C. §§207, 216.

5. Subject matter jurisdiction is established in 28 U.S.C. §§1331.

6. At all times relevant to this complaint, Kyle Railways operated the Cumbres and Toltec Scenic Railroad ("the Railroad"), a commercial railroad designed to operate public excursion trains between the cities of Chama, New Mexico and Antonito, Colorado.

7. Kyle Railways operated the Railroad pursuant to a lease dated January 5, 1983 with the Cumbres and Toltec Scenic Railroad Commission Compact, a commission organized by a compact between the State of New Mexico and the State of Colorado, NMSA 1978, §16-5-1 et. seq.

8. Kyle Railway's lease granted Kyle Railways the exclusive right to operate the Railroad and to lease all locomotives, rolling stock, rights of way, roadbed,

2

tracks, buildings, structures and other personal and real property owned by the Commission in return for rental payments equal to a percentage of the gross revenues earned by Kyle Railways' operation of the Railroad.

9.  The lease further provided, *inter alia*, that Kyle Railways was to provide and keep in force at its own expense all operating authority required by the Interstate Commerce Commission and the U.S. Department of Transportation, to pay all applicable state and federal taxes, and to comply with all applicable federal and local laws and ordinances.

10. Kyle Railways terminated its lease with the Commission in January, 1997.

11. The Plaintiffs were each employed by Kyle Railways prior to October 1994, and through December, 1996, and engaged in commerce while in the employ of Kyle Railways for workweeks longer than forty hours a week.

12. Both before and after October, 1994, the Plaintiffs were each at work on an average of ninety-six hours per week on behalf, and at the direction of, Kyle Railways.

13. Despite the fact that each of the Plaintiffs worked longer than forty hours per week both before and after October 1994, Kyle Railways failed to pay an overtime wage rate of at least one and one-half times the regular wage rate it paid to each of the Plaintiffs.

14. Kyle Railways' failure to pay overtime wages to each of the Plaintiffs violated the Fair Labor Standards Act, 29 U.S.C. §207.

15. Kyle Railways' failure to pay overtime wrongfully denied each of the Plaintiffs the difference between their respective regular wage rates and their proper overtime wage rates for each hour worked in excess of forty hours a week since October, 1994.

16. Despite knowledge that each of the Plaintiffs worked in excess of forty hours per week both before and after October, 1994, Kyle Railways willfully violated the Fair Labor Standards Act by deliberately, voluntarily and intentionally refusing to pay any overtime rates to any of the Plaintiffs.

17. On or about October 8, 1996, several of the Plaintiffs filed a wage claim with the New Mexico Department of Labor, Wage Claim No. 97-P083, against Kyle Railways for the purpose of collecting unpaid overtime wages since May, 1995.

18. In response to Wage Claim No. 97-P083, the New Mexico Department of Labor determined that Kyle Railways violated state labor laws by failing to pay overtime wage rates to its employees for all hours worked in excess of forty hours per week.

19. As a result of Wage Claim No. 97-P083, Kyle Railways was required to pay some overtime wages to some of the Plaintiffs for overtime hours worked since approximately May, 19, 1995.

4

...

WHEREFORE, the Plaintiffs pray for the following relief:

1. Compensatory damages for all unpaid overtime wages owed to each of the Plaintiffs, to wit, the difference between their respective regular wage rates and their proper overtime wage rates for each hour worked in excess of forty hours a week since October, 1994, less any amounts awarded by the New Mexico Department of Labor pursuant to Wage Claim No. 97-P083, in an amount to be proved at trial;

2. Liquidated damages pursuant to 29 U.S.C. §216(b) to each of the Plaintiffs in an amount equal to all compensatory damages owed to each of the Plaintiffs in an amount to be proved at trial;

3. The Plaintiffs' reasonable attorney fees, pursuant to 29 U.S.C. §216(b);

4. For the Plaintiffs' reasonable costs incurred in bringing this action;

5. Pre-judgment and post-judgment interest as provided by law; and

6. Such other and further relief as this Court may deem just and equitable.

Respectfully submitted,
COPPLER & MANNICK, P.C.
Daniel R. Rubin
Attorneys for Plaintiff
645 Don Gaspar Avenue
Santa Fe, NM 87501
(505) 988-5656

Daniel R. Rubin

T:\DRR\PLEADING\3521.DOC (DRR97)

5